UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BERT JOHN ALLEN, III,           )<br>                                                )<br>        Plaintiff                      )<br>                                                )<br>v.                                          )<br>                                                )<br>UNITED STATES ATTORNEY  )<br>GENERAL, et al.,                  )<br>                                                )<br>        Defendants                  )  | No. 2:15-cv-437-DBH |

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS, RULING ON CERTAIN PENDING MOTIONS, AND RECOMMENDING DISMISSAL OF THE CASE IN ITS ENTIRETY

The plaintiff, proceeding *pro se*, alleges federal constitutional violations against a long list of putative defendants, including the attorneys general of the United States and the states of Maine and New Hampshire; appears to challenge a New Hampshire statute and various federal statutes; and objects to the alleged secret use of certain forms of technology by law enforcement agencies.

The following motions filed by the plaintiff have been referred to me: Motion for return of service form (ECF No. 3); Motion for leave 12/14/2015 to [F]eb. 3[,] 2016 (ECF No. 4); Motion for Extension of Time (ECF No. 10); Motion for Appointment of Standby Attorney (ECF No. 11); Motion to Proceed In Forma Pauperis (ECF No. 13); Motion to Seal (ECF No. 19); Motion to Proceed In Forma Pauperis (ECF No. 21); Motion to Add Expert Witnesses (ECF No. 24); Motion for Service (ECF No. 25); Motion for time of service by [U]nited [S]tates [M]arshals (ECF No. 30); Motion to add governor as a key witness (ECF No. 33); Motion for Extension of Time (ECF No. 34); Motion for sanction (ECF No. 35); and Motion to Extend Time (ECF No. 41).  Also

referred is the Motion for Screening Pursuant to 28 U.S.C. § 1915(e)(2) filed by the United States Attorney General (ECF No. 22).

I grant the plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 21), but recommend that the court dismiss the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). If adopted by the court, this recommendation means that the remaining motions filed by the plaintiff would be moot.

The United States Attorney General's motion for screening under section 1915(e)(2), ECF No. 22, is unnecessary. Where a motion for leave to proceed *in forma pauperis* is filed in a civil action, this court reviews each complaint under that statute. Because the plaintiff has filed an objection to the United States' motion, ECF No. 23,[1] I grant the motion, rather than dismiss it as moot. Screening under section 1915 of *pro se* complaints from plaintiffs who seek *in forma pauperis* status is within the court's discretion. This court's practice of performing such screenings is not subject to challenge.

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). However, section 1915(e)(2)(B) also provides, in relevant part:

> [T]he court shall dismiss the case at any time if the court determines that
>   (B) the action or appeal  --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from
> such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[1] The plaintiff's motion that is filed as ECF No. 21 was submitted in the proper format. The motions filed as ECF Nos. 13 and 25 seek service of the complaint by the United States Marshals Service without cost to the plaintiff, a matter that would be subsumed in the grant of *in forma pauperis* status were this action to survive screening under section 1915. In this case, if the court adopts my recommendation to dismiss the action under that statute, these motions are moot.

"Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Nietzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S. D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.")

The plaintiff's affidavit establishes that he receives $488.67 monthly in disability payments, $271.00 monthly in public assistance, and $16.00 monthly in food stamps. He essentially has no savings, he and his spouse own a 1994 Chevrolet (not otherwise specified) and a 2003 Ford Taurus, and he sends money to his spouse and child, who live overseas. He resides with his parents. He states that he borrowed the money to pay the filing fee for this action from his parents. This set of circumstances, which I accept, entitles the plaintiff to proceed *in forma pauperis*.

The instant review does not end there, however. As noted above, the statute that provides for waiver of fees also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

So read, the plaintiff's 34-page, single-spaced complaint appears to allege that all of the defendants violated his constitutional rights by failing to protect him from torture and rape while he was incarcerated; that New Hampshire has violated his constitutional rights by refusing to remove his name and personal information from an online sex offender registry, which has resulted

in attempts to kill him; that the use of a "StingRay" (an electronic device) against him violates his constitutional rights, although it is not clear who is using this technology against him;[2] that he is entitled to an elevated degree of protection from the state defendants against Muslim "gangs," in part because he has American Indian status through his mother; and that his constitutional rights have been violated in airports when he travels to see his wife in Thailand.

The complaint, which is difficult to follow, seeks several forms of relief that simply are not available based on its allegations. For example, habeas corpus relief, *id*. at 5, is only available to individuals who are in custody under state or federal law in violation of the federal constitution. 28 U.S.C. §§ 2241(c), 2254. Custody does not require incarceration, but it does require that the person be subject to restraints not imposed on the public generally and at least be under some manner of continuing governmental supervision. *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984). According to the complaint, the plaintiff travels to Thailand to visit his wife; he cannot, therefore, be in state or federal custody.[3] *See, e.g., United States v. McLain*, Misc. No. 06-14-P-H, 2006 WL 1554683, at *2 (D. Me. June 2, 2006).

The alleged legal bases of some of the plaintiff's other claims are similarly unavailable under federal law. For example, the plaintiff's claims do not entitle him to relief under the commerce clause of the federal Constitution. Complaint at 10. In addition, it is beyond the power of any state employees or officials in Maine to promise to protect the plaintiff for life, or to expunge any record of his past criminal conviction or convictions both federal and state. *Id*. at 11-12, 34.

---

[2] The complaint describes the StingRay as a "cellular-surveillance system," [Complaint] (ECF No. 1) at 22-30, asserts that the plaintiff has never had a cell phone, and alleges that the system was nonetheless used to track friends around him and to attack him. *Id*. at 19.

[3] A requirement to register as a convicted sex offender does not constitute custody for purposes of habeas corpus relief. *Williamson v. Gregoire*, 151 F.3d 1180, 1183-84 (9th Cir. 1998).

The complaint contains no allegations that would entitle the plaintiff to relief on a theory of product liability or of fraud. *Id*. at 15-18.

For the foregoing reasons, the plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and I recommend that the complaint be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. In that event, all of the plaintiff's remaining motions that have been referred to me (ECF Nos. 3, 4, 10, 11, 13, 19, 24, 25, 30, 33, 34, 35, 41)[4] will be **MOOT**. The federal government's motion for screening (ECF No. 22) is **GRANTED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*
*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 16th day of May, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[4] The plaintiff's motion for an extension of time (ECF No. 34) seeks additional time to "respond" to the defendant Maine Attorney General's reply memorandum in support of her motion to dismiss. Any such response would be a sur-reply, which is not permitted under this court's local rules without leave of court, which the plaintiff has not sought.